Defendant-appellant Michael Beckwith appeals from his guilty plea convictions for six violent felonies committed while he was armed with firearms. This is only one of five cases in which defendant entered guilty pleas to multiple violent felonies committed when he was seventeen years of age. He asserts that his pleas were not knowingly, voluntarily, or intelligently made, because he had "low intelligence." For the reasons that follow, we affirm.
This case was originally filed in juvenile court before defendant was bound over to the court of common pleas. He was thereafter indicted in Case No. CR-350770 on the following eighteen counts: (1-3) three counts of kidnapping, (4-6) three counts of aggravated robbery, (7-8) two counts of rape against one victim, (9-14) six counts of complicity to rape for causing two of the victims to each commit three acts of rape against each other, (15-16) two counts of gross sexual imposition, and (17-18) two counts of felonious assault. Each charge had an accompanying firearm specification. Several charges included sexual motivation specifications and sexually violent predator specifications.
On September 18, 1997, defendant appeared in court with four attorneys from the five cases to enter guilty pleas pursuant to negotiated plea bargains in each case.[1] In the case at bar, defendant agreed to plead guilty to six charges with accompanying firearm specifications, and the remaining twelve charges and accompanying specifications were nolled. Specifically, defendant agreed to plead guilty to the following counts: (4-6) three counts of aggravated robbery, each with firearms specifications, (7) one count of rape with an accompanying firearm specification, and (9, 12) two counts of complicity to rape, each with a firearm specification.
At the outset of the guilty plea hearing, the prosecutor explained the nature of the plea and the potential sentences for each offense. (Tr. 5.) Each attorney thereafter spoke and stated that defendant understood the charges against him and the consequences of his pleas. (Tr. 6-8.)
The court thereafter spoke with defendant. Defendant stated that he was born on July 5, 1979, and was eighteen years of age at the time of his guilty pleas. He stated he completed education through the ninth grade and had not obtained his GED. He was satisfied with his representation by each of his five attorneys.
The trial court thereafter specifically discussed the charges to which defendant agreed to plead in each case. The trial court stated each charge and the potential sentence for each charge. (Tr. 15-16.) Defendant separately entered guilty pleas to each charge. (Tr. 20-23.)
The court specifically found that defendant knowingly, voluntarily, and intelligently entered each guilty plea. (Id.) Each of defendant's attorneys stated each was satisfied that the trial court complied with Crim.R. 11. (Tr. 28-29.) The trial court accepted defendant's guilty pleas, found him guilty, and journalized both the convictions and the dismissal of the remaining charges and specifications.
On October 29, 1997, the matter proceeded to a sentencing hearing. At the outset of this hearing, an attorney in a companion case requested that the court consider his youth and "limited intellectual abilities", and noted that the [presentence] report indicates he completed the ninth grade. (Tr. 38-39.) Defendant's attorney in the present case also stated defendant has been under a learning disability all of his life, I think, that borders on mild retardation, and I would ask the Court to take those things into consider[ation]. (Tr. 48.)
Counsel argued that defendant believed because of his own limited mental capacity, [he] had been a victim * * * and somewhere in Mr. Beckwith's mind he figured it was time to stop being the victim and start repaying others. (Id.) He knows it was wrong, but, again, he was not operating with a full deck. (Tr. 49.)
The trial court noted that defendant committed the offenses after he escaped from a juvenile detention facility where he had been committed because he was unruly. (Tr. 54.) The trial court ultimately sentenced defendant to three years incarceration on the firearm specification, followed by nine years on the other charges.
Defendant pro se filed a delayed appeal in the case at bar and was appointed appellate counsel. His sole assignment of error follows:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT IN ACCEPTING A PLEA FROM THE APPELLANT WHEN THE APPELLANT WAS NOT FULLY INFORMED AS TO ALL THE CONSEQUENCES OF SAID PLEA PURSUANT TO CRIM.R. 11 AND IN FAILING TO INQUIRE WHETHER APPELLANT'S PLEA WAS ENTERED VOLUNTARILY, INTELLIGENTLY AND KNOWINGLY.
This assignment lacks merit.
Defendant's sole argument under this assignment of error is that his "limited intelligence" prevented his plea from being knowingly, voluntarily, and intelligently made. After viewing the record, we find that defendant has not shown that the trial court failed to comply with Crim.R. 11 or that it improperly accepted his pleas.
The record shows that, at the outset of the case, the trial court referred this case to the court psychiatric clinic for evaluation to determine whether defendant was sane at the time of his acts and competent to stand trial. The trial court concluded defendant was sane and competent to stand trial. The court referred to the psychiatric report at the time of sentencing.
Earlier, at the time of the guilty plea hearing, defendant never raised any issue concerning his mental capacity or ability to understand the proceedings. Four attorneys, appointed to represent him in the various cases, each stated they believed defendant understood the terms and consequences of his pleas.
The trial court specifically instructed him to ask any questions if he did not understand anything at the hearing. Defendant, however, never raised any questions. The transcript reveals the trial court and defendant engaged in conversation at a level that would be understood by a ninth grader, and defendant had completed the ninth grade.
Defendant mentioned his lack of intelligence for the first time at sentencing. His counsel sought to use this claim solely to mitigate his sentence. Defendant never argued that he failed to understand his prior guilty pleas. Nor did he ever seek to withdraw his guilty pleas because of any alleged lack of understanding about what occurred at the guilty plea hearing.
Now, for the first time, years later, in a delayed appeal, defendant argues that the trial court should have refused to accept his pleas because the record shows they were not knowingly, voluntarily, or intelligently made. The sole case cited as support is State v. Habart (Oct. 19, 1995), Cuyahoga App No. 68545, unreported. Contrary to defendant's argument, however, Habart does not establish a general principle that defendants may obtain reversal of their guilty plea convictions on appeal by claiming they had "low intelligence."
The defendant in Habart entered an Alford plea, contending that he was innocent, but pleaded guilty merely to obtain a more lenient sentence. The prosecutor did not describe the evidence that would have been presented against him at trial or recite any statement of facts underlying the crime. The alleged victim of the crime was his daughter, who was mentally retarded.
After the plea, and before sentencing, Habart filed a motion to vacate his plea. In support, Habart's father testified that Habart had low intelligence, did not understand certain words used by the judge or his potential sentencing options, and that defendant "misinterprets what he hears." (Id. at p. 3.)
The Habart court held that the trial court abused its discretion by denying his motion to withdraw his guilty plea. The trial court lacked an adequate basis to determine whether defendant's Alford plea was rationally made because there was no statement of the facts or evidence, and the record did not refute the father's testimony.
None of these factors is present in the case at bar. Defendant repeatedly, both in a confession to the police and in open court, admitted his factual guilt to the crimes to which he pleaded guilty. Defendant never, either before or after sentencing, sought to withdraw his guilty pleas based on any alleged misunderstanding. The record contains no support for his newly minted claim that his limited intelligence prevented him from making a knowing, voluntary, and intelligent plea.
The proceedings in this case were not so subtle that an eighteen-year-old with a ninth grade education would have had any trouble understanding. Four of defendant's attorneys stated they believed, after discussing the charges against him, that he fully understood the charges and consequences of his pleas. Nothing that defendant said or did gave any indication to the trial court that he failed to understand the guilty plea proceedings, nor does defendant now provide any support for this belated claim.
Accordingly, defendant's sole assignment of error is overruled.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ________________________________ DIANE KARPINSKI, PRESIDING JUDGE
JAMES D. SWEENEY, J., and ANNE L. KILBANE, J., CONCUR.
[1] Defendant specifically waived on the record in open court the absence of one of his attorneys from the guilty plea hearing. (Tr. 3.)